**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: Joseph Walker | : | CHAPTER 13 |
| Debtor | : | BANKRUPTCY NO.19-12097 |
| Jospeh Walker | | |
| Debtor | : | Adv. # |
| v. | | |
| M&T Bank | : | |
| | : | |

**COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIEN OSTENSIBLY HELD BY M&T BANK AND OBJECTING TO PROOF OF CLAIM OF M&T BANK CLAIM # 3-1**

INTRODUCTION

1. The instant complaint is filed by the debtor pursuant to Bankruptcy Rules 3007(b) and 7001 and pursuant to 11 U.S. §§502(b)(1) to object to the proof of claim of M&T Bank to determine the extent and validity of the lien asserted by M&T Bank in its proof of claim, and, pursuant to 11 U.S.C. §506(a) to determine the extent to which that claim is an allowed secured claim and the extent to which it is an allowed unsecured claim. Finally, Debtor seeks a determination, pursuant to 11 U.S.C. §506(d), that any lien held by M& T Bank is void to the extent it does not secure an "allowed secured claim".

JURISDICTION

2. Jurisdiction over this matter is conferred upon this court by 28 U.S.C. §§1334 and 157(a). This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2),(A) (B)

(C), (K), and (O). **Plaintiff consents to the Bankruptcy Court rendering a final decision on this adversary**.

PARTIES

3. Joseph Walker, the plaintiff herein, is a natural person and the debtor in the above captioned voluntary chapter 13 proceeding.

4. Defendant M&T Bank is a national bank created under the laws of the United States of America with a plac of business at One Fountain Plaza, Buffalo, NY 14203.

5. M&T Bank has filed a proof of claim in the underlying above captioned bankruptcy case in which it indicated that notices concerning the proof of claim be sent to M&T Bank at P.O. Box 840,Buffalo, NY 14240-0840/

**FACTS**

6. M&T Bank has filed a proof of claim, Claim # 3-1, along with a notice of Payment Change and a notice of Fees expenses and charges. A copy of the original proof of claim with the attachments and subsequent notices are attached hereto as "Exhibit A."

7. In the proof of claim M&T Bank asserts a total claim against Debtor based on a Note and mortgage in the amount of $175,839.58.

8. The claim is based on a Mortgage and a Note in favor M&T Mortgage Corporation dated May 02, 2003, in the original

amount of $69,351.00 and signed by Joseph Walker and Tina Sloan. The Note and mortgage relied upon by M&T Bank is attached as exhibits to the original proof of claim.

9. The property securing the Note is "6715 Haverford Avenue, Philadelphia, PA 19144(sic) (The Property).

10. Debtor is the owner of a 1/2 interest in the property as a joint tenant with right of survivorship with Tina Sloan.

11. M&T Bank is not in physical possession of the Note upon which it bases its proof of claim.

12. Neither is M&T Bank a holder of the Note or otherwise a party entitled to enforce the Note against Debtor.

13. The original mortgage securing the Note upon which the proof of claim is based is from Joseph Walker and Tina Sloan to M&T Mortgage Corporation("Original Mortgage")

14. Upon information and belief Plaintiff alleges that M& T Mortgage Corporation was at all times relevant a corporate entity that is separate and distinct from M&T Bank.

15. Because M&T lacks authority to enforce the Note its proof of claim must be disallowed.

16. The Property has a Fair market value of $108,500.000.

17. The value of Debtor's ½ interest in the Property is ½ that amount or $54,250.00.

18. There are liens on Debtor's interest in the property senior to that of the Mortgage totaling $1,000.00.

19. The value of the property subject to the mortgage is $53,250.00

20. The mortgage is secured by property in addition to Debtor's primary residence.

21. If the proof of claim filed by M&T Bank is not disallowed entirely, because M&T Bank has no interest in Debtor's home, it must be bifurcated into its secured and unsecured components and disallowed as an allowed secured claim to the extent the claim exceeds $53,250.00.

22. Pursuant to 11 U.S.C. §506(a) to the extent M&T Bank is found to be the holder of an allowed claim, the claim cannot not under any circumstances be an allowed secured claim, within the meaning of 11 U.S.C. §506(a), 506(d) and 1325(a)(5) in an amount in excess of $53,250.00.

**WHEREFORE**, Plaintiff prays this court to:

a. (1) Disallow entirely the proof of claim of M&T Bank as it has demonstrated no interest in debtor's home and no valid claim against debtor; or

(2) In the alternative, if M&T Bank is able to establish it has an interest in Debtor's home, disallow the proof of claim filed by Defendant M&T Bank as an allowed secured claim in any amount in excess of $53,250.00.

      b.   Determine any lien M&T Bank may have on Debtor's 1/2 interest in his home as a joint tenant with the right of survivorship to be void, pursuant to 11 U.S.C. §506(d) to the extent it secures a claim which is not an allowed secured claim within the meaning of 11 U.S.C. §506(a).

      c.   Grant such other relief as may be necessary or proper under applicable law.

Respectfully submitted,

/s/ Irwin Trauss
Irwin Trauss, Esquire
PHILADELPHIA LEGAL ASSISTANCE CENTER
718 Arch Street, Suite 300N
Philadelphia, PA 19102
(215) 981-3811
(215) 981 3870 (fax)
itrauss@philalegal.org