# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# (PHILADELPHIA)

| | |
|---|---|
| IN RE:<br>**SHEILA MUHAMMAD**<br>     Debtor<br><br>**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF LSF9 MASTER PARTICIPATION TRUST**<br>     Movant<br>v.<br><br>**SHEILA MUHAMMAD**<br>     Respondent | CHAPTER 13<br><br>CASE NO.: 23-10334-mdc<br><br>HEARING DATE: 01/02/2024<br><br>HEARING TIME: 10:30am<br><br>LOCATION: Courtroom #2 |

### ANSWER FILED ON BEHALF OF
### U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRSUTEE OF LSF9 MASTER PARTICIPATION TRUST
### TO DEBTOR'S MOTION TO DETERMINE VALUE

Respondent, U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust ("Movant"), by and through its attorneys Hill Wallack LLP, hereby Answers and Objects to the Motion to Determine Value ("Motion") as follows:

1.      Denied, the averments contained within Paragraph One contain conclusions of law to which no response is required.

2.      Admitted in part, denied in part. It is admitted that the Respondent holds a final judgment of foreclosure in relation to its underlying foreclosure action against Debtor. The remainder of the information contained within this Paragraph is denied because the Respondent's Proof of Claim and final judgment are documents that speak for themselves.

3.      Denied, strict proof is demanded at trial. Moreover, the averment contained within Paragraph Three consists of legal conclusions to which no response is required.

4860-0434-5241, v. 1

4. Denied, strict proof is demanded at trial. Moreover, Respondent lacks sufficient information to formulate a response as to the Debtor's contentions regarding the value of the subject real property.

5. Denied, strict proof is demanded at trial. More specifically, the alleged "Appraisal Report" offered by the Debtor has not been rendered for the purpose of this activity. The report itself reveals at Exhibit B, Page 4 of 6 that the intended purpose of the appraisal was to, "*The intended use of this appraisal update is for the lender/client to evaluate the property that is the subject of this report to determine if the property has declined in value since the date of the original appraisal for a mortgage finance transaction.*" The conclusion reached in the report was that, "*Based upon the provided appraisal and a recent market research for sales in the subjects market area, the original value has not declined since (11/17/2020) the effective date of the prior appraisal completed by Peter Trent.*" Respondent objects to the consideration of the Debtor's Exhibit B as it is devoid of any evidentiary value because Exhibit B contains no expert opinion useful in determining the outcome of this controversy. The information contained within Exhibit "B" will not contribute to a finding of fact as to the value of the subject real property.

6. In addition to the defenses as stated within the responses to Debtor's specific averments, the Respondent asserts the additional defenses set forth below, as follows.

7. Debtor's motion should be denied because the subject real property is worth far more than the Debtor's unsupported valuation. Respondent hereby demands access to perform an interior appraisal in support to its defense. After preliminary considerations and reporting, Respondent asserts that the "as is" value of this property is reportedly at least $165,000, if not more.

8. The Debtor's motion should be denied because said Motion fails to sufficiently state a claim upon which relief can be granted.

9. The Debtor's motion should be denied due to the doctrine of laches, for reasons, including, but not limited to, the fact that any tax liens complained of are the result of the Debtor's own intentional refusal to pay the carrying costs of this property. Debtor's refusal to do so continues to the present date.

10. The Debtor's motion should be denied due to the doctrine of unclean hands, for reasons, including, but not limited to, the fact that any tax liens complained of are the result of the Debtor's own intentional refusal to pay the carrying costs of this property. Debtor's refusal to do so continues to the present date.

11. The Debtor's motion should be denied for lack of due process. More specifically, Respondent objects to the procedural defects present within Debtor's motion such that Debtor has failed to provide sufficient notice of this motion, i.e. the Motion was filed on 21 days shortened noticing rather than 30 days noticing as required for claims objections and motions to value. The motion was also not served properly on the affected creditor as is required for notice of contested matters.

12. Moreover, Debtor has failed to challenge the extent and priority of the Respondent's lien by adversary proceeding as required by the law of this Circuit. Debtor's election has removed the Respondent's ability to challenge her action by Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1)and(6).

13. Debtor's motion is barred by the doctrine of accord and satisfaction

14. Debtor's motion is barred by the doctrine of ratification.

15. Debtor's motion is barred by the doctrine of estoppel.

16. Debtor's motion is barred by the doctrine of ripeness.

17. Finally, the Respondent avers in response that Debtor's motion has been brought in bad faith nearly a year into a failing case where the Debtor has not performed her obligations to pay the Trustee, propose a feasible plan, and/or maintain the taxes and insurance on the subject real property. Debtor's motion is a blatant attempt to stall the collection of the Respondent's lien in continuation of Debtor's several year-long campaign to not pay the affected creditor while remaining in possession of the subject property. In fact, Debtor's own plan has never provided to repay the responding Creditor for the actual value of the subject real property, and no adequate protection has been paid to Respondent.

WHEREFORE, Respondent prays this Court strike and/or deny Debor's Motion to Value for failure of any legitimate factual basis. In the alternative, the Respondent requests this Court to enter an Order directing Debtor to cure the deficiencies in this pleading and/or schedule this matter for the formalities necessary including appropriate discovery, motion practice and trial.

Respectfully submitted,

*/s/ Angela C. Pattison, Esquire*
Angela C. Pattision, Esq.,
Hill Wallack LLP
1415 Route 70 East, Suite 309
Cherry Hill, NJ 08034
856-616-8086
apattison@hillwallack.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# (PHILADELPHIA)

| | |
|---|---|
| IN RE:<br>**SHEILA MUHAMMAD**<br>    **Debtor**<br><br>**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF LSF9 MASTER PARTICIPATION TRUST**<br>    **Movant**<br>v.<br><br>**SHEILA MUHAMMAD**<br>    **Respondent** | CHAPTER 13<br><br>CASE NO.: 23-10334-mdc<br><br>HEARING DATE: 01/02/2024<br><br>HEARING TIME: 10:30am<br><br>LOCATION: Courtroom #2 |

**CERTIFICATE OF SERVICE OF ANSWER FILED ON BEHALF OF
U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRSUTEE OF LSF9 MASTER PARTICIPATION TRUST
TO DEBTOR'S MOTION TO DETERMINE VALUE**

I certify under penalty of perjury that I served or caused to be served the above-captioned pleading, Answer FILED ON BEHALF OF U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRSUTEE OF LSF9 MASTER PARTICIPATION TRUST TO DEBTOR'S MOTION TO DETERMINE VALUE, on the parties below via First-Class Mail and Electronic Notification on December 29, 2023.

| | |
|---|---|
| **Sheila Muhammad**<br>7109 Phoebe Place<br>Philadelphia, PA 19153<br>**Debtor**<br>**VIA REGULAR MAIL** | **Kenneth E. West**<br>Office of the Chapter 13 Standing Trustee<br>1234 Market Street – Suite 1813<br>Philadelphia, PA 19107<br>**Chapter 13 Trustee**<br>**VIA ECF** |
| **Michael D. Sayles**<br>Sayles and Associates<br>427 West Cheltenham Avenue, Suite #2<br>Elkins Park, PA 19027-3201<br>**Counsel to Debtor**<br>**VIA ECF** | *U.S. Trustee*<br>Office of the United States Trustee<br>Robert N.C. Nix Federal Building<br>900 Market Street<br>Suite 320<br>Philadelphia, PA 19107<br>**U.S. Trustee**<br>**VIA ECF** |

                                                Respectfully submitted,

                                                */s/Angela C. Pattison, Esquire*