L.B.F. 3015.1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In re:   Joseph Walker                                Case No.:   19-12097

                                                      Chapter:    13

Debtor(s)

## First Amended Chapter 13 Plan

___

      Original
X **First Amended**

Date:   **April 19, 2021**

**THE DEBTOR HAS FILED FOR RELIEF UNDER**
**CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts.  You should read these papers carefully and discuss them with your attorney.  **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU**
**MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE**
**NOTICE OF MEETING OF CREDITORS.**

| **Part 1:  Bankruptcy Rule 3015.1(c) Disclosures** |
|---|
|   X  **Plan contains non-standard or additional provisions – see Part 9**<br>     Plan limits the amount of secured claim(s) based on value of collateral – see Part 4<br>     Plan avoids a security interest or lien – see Part 4 and/or Part 9 |
| **Part 2:  Plan Payment, Length and Distribution** – *PARTS  2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE* |
|   **§ 2(a)(1)  Initial Plan:**<br>    **Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $ **300.00**<br>    Debtor shall pay the Trustee $ **5.00** per month for **60** months; and<br>    Debtor shall pay the Trustee $ _____ per month for \_\_\_\_ months.<br>   Other changes in the scheduled plan payment are set forth in § 2(d)<br><br>  **§ 2(a)(2)  Amended Plan:**<br>    **Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") **$ 300.00**<br>  The Plan payments by Debtor shall consists of the total amount previously paid ($**120.00**) added to the new monthly Plan payments in the amount of **$5.00** beginning **5/1/2021**(date) and continuing for **36** months.<br>    Other changes in the scheduled plan payment are set forth in § 2(d) |

**§ 2(b) Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):**

As set forth in Part 9 and in part §2(d) below – Debtor has made payments directly on account of the anticipated allowed secured claim that will result from the resolution of the adversary action presently pending in the case of *Joseph Walker v M&T Bank,* Adv. # 19-00228. In addition, Debtor will apply the proceeds of his pending claim for back payment of Unemployment Compensation and Federal Pandemic Unemployment Compensation on account of the allowed secured claim secured by the mortgage on his house determined by the court to be due.

**§ 2(c)  Alternative treatment of secured claims**:
     **X None.**  If "None" is checked, the rest of § 2(c) need not be completed.

   **Sale of real property**
   *See § 7(c) below for detailed description*

   **Loan modification with respect to mortgage encumbering property**:
   *See § 4(f) below for detailed description*

**§ 2(d)  Other information that may be important relating to the payment and length of Plan:** Debtor has an adversary pending in the case of *Joseph Walker v M&T Bank,* Adv. # 19-00228. The resolution of this adversary will determine the extent to which there is an allowed secured claim secured by Debtor's interest in his home based on the mortgage on his home and the amount which Debtor must pay to provide for the claim pursuant to 11 U.S.C. §1325(a)(5)(B)(ii). Debtor anticipates that the total amount of the allowed secured claim will be approximately $**38,461.00**. Prior to this First Amended Chapter 13 Plan, Debtor had made payments in the amount of $**3,431.05** on account of the anticipated allowed secured claim directly to the entity claiming to be the party entitled to enforce the claim. Debtor has pending claims for back Unemployment Compensation (UC) and for back Federal Pandemic Unemployment Compensation (FPUC) and for Pandemic emergency Unemployment Compensation (PEUC) totaling not less than $**11,471.00** as of the date of this Debtor's First Amended Chapter 13 Plan. Upon receipt of these proceeds, debtor shall distribute **$11,471.00** of them directly to the putative holder of the claim that is the subject of the aforementioned adversary action for application on account and reduction of the aforementioned claim. In addition, Debtor anticipates the allowed claim will be further reduced by $**4,117.26**, the amount of a grant on Debtor's behalf from the Pennsylvania Mortgage Assistance Program (PMAP) which the putative holder of the claim wrongfully refused to accept from the Pennsylvania Housing Finance Agency (PHFA) and apply to the claim. All together, these payments and credits, totaling $**19,019.31**, will reduce the unpaid balance of the anticipated allowed secured claim that will need to be reduced by periodic payments directly to the holder of the claim over the life of the Plan to approximately $**19,441.69.**

**§ 2(e) Estimated Distribution**:
  A.  Total Priority Claims (Part 3)

   1. Unpaid attorney's fees                                  $   0.00
   2. Unpaid attorney's costs                                 $   0.00
   3. Other priority claims (e.g., priority taxes)            $   0.00

  B.  Total distribution to cure defaults (§ 4(b))            $   0.00
  C.  Total distribution on secured claims (§§ 4(c) &(d))    $ 215.40
  D.  Total distribution on unsecured claims (Part 5)         $  58.33
                              Subtotal                        $ 272.73
  E.  Estimated Trustee's Commission                          $  27.27
  F.  Base Amount                                             $ 300.00

**Part 3: Priority Claims (Including Administrative Expenses & Debtor's Counsel Fees)**

**§ 3(a)** Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
|  |  |  |

**§ 3(b)  Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**
    **X  None.** If "None" is checked, the rest of § 3(b) need not be completed.

The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 2(a) be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of Creditor | Amount of claim to be paid |
|---|---|
|  |  |
|  |  |

### Part 4: Secured Claims

**§ 4(a) Secured claims not provided for by the Plan:**

___ **None.** If "None" is checked, the rest of § 4(a) need not be completed.

| Creditor | Secured Property |
|---|---|
| If checked, debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement.<br>**City of Philadelphia, Claim # 4-1** | **6715 Haverford Avenue**<br>**Philadelphia, PA 19151** |
| If checked, debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement.<br>**City of Philadelphia, Claim #5-1** | **6715 Haverford Avenue**<br>**Philadelphia, PA 19151** |

**§ 4(b) Curing default and maintaining payments**

**x None.** If "None" is checked, the rest of § 4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Creditor | Description of Secured Property and Address, if real property | Current Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage, if applicable (%) | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**§ 4(c)  Allowed secured claims to be paid in full:  based on proof of claim or pre-confirmation determination of the amount, extent or validity of the claim**

　　　**None.**  If "None" is checked, the rest of § 4(c) need not be completed.

　　(1)  Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

　　(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

　　(3) Any amounts determined to be allowed unsecured claims will be treated either**:** (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

　　(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below.  *If the claimant included a different interest rate or amount for "present value" interest in its proof of claim or otherwise disputes the amount provided for "present value" interest, the claimant must file an objection to confirmation.*

　　(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Description of Secured Property and Address, if real property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Total Amount to be paid |
|---|---|---|---|---|---|
| **PGW** | **Municipal Claim for Gas service 6715 Haverford Ave. Debtor's home.** | 200 | 3% | $  15.40 | $  215.40 |
| **THE FOLLOWING** | **CLAIM WILL BE** | **DISBURSED** | **BY DEBTOR** | **DIRECTLY TO** | **CREDITOR** |
| **M&T Bank – or holder of mortgage on Debtor's home**  **Identity of claim holder to be determined by adversary** | **6715 Haverford Avenue.  Debtor's home owned as joint Tenant w.r.o.s. with Tina Sloan** | **$38,461.00**  **This amount to be determined by adversary litigation. At least $19,019.31 to be paid prior to confirmation through offsets;  a lump sum payment; and earlier adequate protection payments** | **2.3% on amount anticipated to be unpaid at confirmation** | $708.32 | $39,169.32  **To be disbursed by Debtor directly to the claim holder.  See Section 9.** |

**§ 4(d)  Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**
　　**X  None.**  If "None" is checked, the rest of § 4(d) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Collateral | Amount of Claim | Present Value Interest | Estimated total payments |
|---|---|---|---|---|
|  |  |  | ____% | $____ |
|  |  |  | ____% | $____ |

**§ 4(e)  Surrender**
  **X None.** If "None" is checked, the rest of § 4(e) need not be completed.

(1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.
(2) The automatic stay under 11 U.S.C. § 362(a) and 1301(a) with respect to the secured property terminates upon confirmation of the Plan.
(3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| **Creditor** | **Secured Property** |
|---|---|
|  |  |

**§ 4(f)  Loan Modification**
  **X None.** If "None" is checked, the rest of § 4(f) need not be completed.

(1) Debtor shall pursue a loan modification directly with _____ or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2) During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of $_____ per month, which represents _____ (*describe basis of adequate protection payment*). Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3) If the modification is not approved by _____ (date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

## Part 5: General Unsecured Claims

**§ 5(a)  Separately classified allowed unsecured non-priority claims**
  **X None.** If "None" is checked, the rest of § 5(a) need not be completed.

| **Creditor** | **Basis for Separate Classification** | **Treatment** | **Amount of Claim** | **Amount to be paid** |
|---|---|---|---|---|

6

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  |  |

**§ 5(b)  Timely filed unsecured non-priority claims**
    (1) Liquidation Test *(check one box)*
      **X**  All Debtor(s) property is claimed as exempt.
      Debtor(s) has non-exempt property valued at $_____ for purposes of § 1325(a)(4) and plan provides for distribution of  $_____ to allowed priority and unsecured general creditors.

    (2) Funding: § 5(b) claims to be paid as follows *(check one box)***:**
      **X**  Pro rata
      100%
      Other (Describe)

### Part 6:  Executory Contracts & Unexpired Leases

  **X  None.**  If "None" is checked, the rest of § 6 need not be completed.

| **Creditor** | **Nature of Contract or Lease** | **Treatment by Debtor Pursuant to §365(b)** |
|---|---|---|
|  |  |  |

### Part 7:  Other Provisions

**§ 7(a)  General principles applicable to the Plan**
    (1) Vesting of Property of the Estate *(check one box)*
      **X**  Upon confirmation
      Upon discharge

    (2) Subject to Bankruptcy Rule 3012, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

    (3)  Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the debtor directly.  All other disbursements to creditors shall be made by the Trustee.

    (4)  If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

**§ 7(b)  Affirmative duties on holders of claims secured by a security interest in debtor's principal residence**

    (1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

      (2)  Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

      (3)  Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s).  Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

      (4)  If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

      (5)  If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

      **(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

### § 7(c)  Sale of Real Property
   **X  None.**  If "None" is checked, the rest of § 7(c) need not be completed.

      (1)  Closing for the sale of _____ (the "Real Property") shall be completed within _____ months of the commencement of this bankruptcy case (the "Sale Deadline").  Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under §4(b)(1) of the Plan at the closing ("Closing Date").

      (2)  The Real Property will be marketed for sale in the following manner and on the following terms:

      (3)  Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser.  However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale of the property free and clear of liens and encumbrances pursuant to 11 U.S.C. §363(f), either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

      (4)  Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

      (5)  In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline:

| Part 8:  Order of Distribution |
|---|

**The order of distribution of Plan payments will be as follows:**

- **Level 1:** Trustee Commissions*
- **Level 2:** Domestic Support Obligations
- **Level 3:** Adequate Protection Payments
- **Level 4:** Debtor's attorney's fees
- **Level 5:** Priority claims, pro rata
- **Level 6:** Secured claims, pro rata
- **Level 7:** Specially classified unsecured claims
- **Level 8:** General unsecured claims
- **Level 9:** Untimely filed general unsecured non-priority claims to which debtor has not objected

*\*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

| Part 9:  Non Standard or Additional Plan Provisions |
|---|

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked.  Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

☐ **None.**  If "None" is checked, the rest of Part 9 need not be completed.

**The Standard Plan provisions set forth above notwithstanding, the following Non-Standard and Additional Plan provisions shall apply.  In the event of a conflict the language of the following provisions shall supersede those of the standard language.  To the extent possible the provisions below and the standard language should be construed harmoniously.**

§9(a)  Confirmation of this plan shall constitute a finding in accordance with 11 U.S.C. §1322(d) that there is cause for extending the plan beyond 3 years. Confirmation shall also constitute approval of such extension.  Such extension is essential to the success of the plan.

§9(b) Debtor has filed an adversary action to determine the extent and validity of the M&T Bank's claim referenced in §4(c) above.  The adversary will also determine who is the rightful holder of the claim entitled to payment. **To the extent an allowed secured claim is determined it will be paid by Debtor directly to the holder of the allowed secured claim, the provisions of §7(a)(3) above notwithstanding.**  It is anticipated the claim will be determined to be an allowed secured claim in the amount indicated in §4(c), i.e. approximately **$38,461.00**.  this amount will be offset by **$4,117.26**, the amount of a grant M&T Bank wrongfully refused to apply to Debtor's benefit.  Prior to confirmation it will be further reduced by the additional pre-confirmation payments provided in paragraph **9(c)** below and the application of **$11,471.00** of the award for back UC, FPUC and PEUC claims which Debtor has pending in excess of that amount.  It is anticipated at confirmation the unpaid balance of the allowed secured claim will be less than **$19,441.69,** after application of the amounts referenced in this paragraph, and the amount set forth in §9(d) below.

§9(c) Commencing on June 1, 2021 **Debtor shall pay directly to the holder of the M&T Bank claim the sum of $559.41 a month** until 100% of the unpaid balance of the allowed secured claim as determined by the court is paid, along with simple interest, calculated on the unpaid principal balance of the allowed secured claim as determined to be due as of the effective date of the plan at the rate of **2.3% simple interest** *per annum calculated from the effective date of the plan.*

§9(d) Debtor has made five payments in the amount of **$686.21** to the mortgage servicer servicing the mortgage underlying the M&T Bank Claim totaling **$3,431.05**.  These payments shall be applied to reduce the unpaid balance of the allowed secured claim once the amount of that claim has been determined by the court.

§9(e) Debtor has claims for the back payment UC, FPUC and PEUC totaling in excess of  **$11,471.00** for U.C., FPUC and PEUC to which he is entitled, but which he has not yet received, for the payments beginning March 22, 2020 to date. Upon receipt of these back payments, Debtor shall disburse $11,471.00 of the amount he receives, directly to the mortgage servicer for the M&T Bank Claim, to be applied to reduce that claim when it has been determined by the court.

§9(f) Debtor shall be required to make no payments to or for the benefit of the M&T Bank claim other than those payments provided by paragraphs 9(c), 9(d) and (e) above.

§9(g) When the holder of the M&T Bank Claim has received **from Debtor** payments totaling 100% of the allowed secured claim plus all accrued present value interest, such holder shall immediately, and without demand by Debtor or the Trustee, file a satisfaction piece with the Philadelphia Department or Records, noting that the mortgage on Debtor's interest in the property has been satisfied.  At such time the holder shall also discontinue with prejudice the mortgage foreclosure action in the case of ***M&T Bank v. Sloan et al Phila. C.C.P. (F.J.D.) April Term 2016 No. 02799, as against Debtor.***

§9(h*)*  By failing to object to this plan, or any modification thereof, all creditors holding claims, in particular the holder of the M&T Bank Claim, agree to take no steps to collect their claims in any other forum or in any manner inconsistent with this plan.

§9(i**)**    Confirmation of this plan shall constitute a finding that the instant plan was proposed by Debtor in good faith within the meaning of 11 U.S.C. §1325(a)(3) and constituted Debtor's best effort within the meaning of 11 U.S.C. §727(a)(9) and that Debtor's bankruptcy was filed in good faith within the meaning of 11 U.S.C. §1325(a)(7).

§9(j)    Within 30 days of the order of the court confirming this Chapter 13 Plan of Debtor the holder of the M&T Bank claim, or its successor in interest, shall correct the records regarding Debtor's account to reflect the allowed secured claim determined by the court and the provisions of the confirmed chapter 13 plan.  **THE HOLDER OF THE CLAIM AND ANY SUCCESSOR IN INTEREST SHALL BE SPECIFICALLY BARRED BY THE ORDER OF CONFIRMATION FROM ATTEMPTING IN ANY FORUM TO COLLECT FROM DEBTOR ON ACCOUNT OF ITS MORTGAGE AN AMOUNT THAT IS INCONSISTENT WITH RESOLUTION OF THE ADVERSARY ACTION AND THE PROVISIONS OF THIS CONFIRMED PLAN.**

§9(k)   Confirmation of this plan shall constitute an order that Debtor's continued possession of 6715 Haverford Avenue Philadelphia, PA 19151, is essential to the success of Debtor's plan and a finding that Debtor's plan would likely fail if Debtor were forced to relinquish possession of the property.

§9(l)    The debts held by creditors who: are listed in Debtor's schedules and who have failed to file a proof of claim; or who have filed a proof of claim which was not allowed; or who filed a late proof of claim - **are provided for in this plan and shall receive no distribution or other payment either from the trustee or from Debtor**, **the provisions of Part 8 above notwithstanding.**

§9(m**) Commencing with the effective date of the plan, Debtor shall maintain the current real estate tax payments and shall maintain hazard insurance on Debtor's home.  Neither the holder of the claim nor its agent nor its successor in interest shall make any payments on taxes on Debtor's home or for insurance on the property.  Should the holder of the claim, or its agent or its successor directly or through an agent make such payments of real estate**

**taxes or insurance, it shall do so as a volunteer, for its own benefit, and it shall have no recourse against Debtor for reimbursement of such payments.**

§9(n) Debtor shall maintain the holder of the claim as a loss payee on the property insurance policy on his home to the extent of the unpaid balance of the Holder's allowed secured claim.).

§9(o)  Pursuant to 11 U.S.C. §506(d), and subject to the provisions of 11 U.S.C. §349(b)(1)(C), the lien represented by the mortgage which secured the claim of the claim Holder  against Debtor – **is void on Debtor's interest in the property** to the extent it exceeds the amount of that allowed secured claim.

§9(p)  Such lien referred to in §9(o) above shall be totally extinguished as a lien on Debtor's interest in his home, upon payment by Debtor of the amounts provided for in §§ 9(c), 9(d) and 9(e) above, **no matter when those payments are completed.**

§9(q)  Absent an order of the court providing otherwise, the **effective date** of this plan shall **the date of confirmation.**

§9(r)   The language in Part 8, level 9 above notwithstanding, untimely filed unsecured claims shall receive no distribution, whether allowed or not.

§9(s) Section 7(b)(6) above notwithstanding, Debtor reserves the right to press any claims he may have resulting from any incorrect information contained in any statement and any claims under any state or federal consumer protection statute of CFPB regulation unrelated to the violation of the automatic stay.

### Part 10: Signatures

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

Date: April 19, 2021

/s/Irwin Trauss

Attorney for Debtor(s)

If Debtor(s) are unrepresented, they must sign below.

Date: _____

_____
Debtor

Date: _____

_____
Joint Debtor